# Fink, Appellant, *v.* Wilkes-Barre & Wyoming Valley Traction Company.

*Negligence—Street railways—Infant—Evidence.*

In an action against a street railway company to recover for the death of a child three years old run down by a street car, a nonsuit is properly entered where it appears that the car stopped within its length after the child had been struck, and before the rear wheels had reached him, and neither of the two witnesses who saw the child immediately before the accident testified to any circumstances from which negligence could be inferred in the operation of the car.

Argued April 13, 1909. Appeal, No. 340, Jan. T., 1908, by plaintiffs, from order of C. P. Luzerne Co., Dec. T., 1906, No. 287, refusing to take off nonsuit in case of Tavia Fink and Rachael Fink, his wife, *v.* Wilkes-Barre & Wyoming Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of a child. Before HALSEY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James L. Lenahan*, for appellants, cited: Woeckner v. Electric Motor Co., 176 Pa. 451; McCullough v. Traction Co., 183 Pa. 241; Distasio v. Traction Co., 35 Pa. Superior Ct. 406; Tatarewicz v. Traction Co., 220 Pa. 560; Conner v. Pittsburg Rys. Co., 216 Pa. 609.

*Frank A. McGuigan*, with him *Paul Bedford* and *John T. Lenahan*, for appellee, cited: Funk v. Traction Co., 175 Pa. 559; Kline v. Traction Co., 181 Pa. 276; Kochesperger v. Transit Co., 217 Pa. 320; Schnur v. Traction Co., 153 Pa. 29; Conner v. Rys. Co., 216 Pa. 609.

OPINION BY MR. JUSTICE FELL, May 10, 1909:

The plaintiffs' child, three years old, was run over by a car

of the defendant company on a business street near the center of the city of Wilkes-Barre. None of their witnesses saw the accident and it was not shown how it happened. The only testimony produced that had any bearing on the circumstances connected with the accident was that of two witnesses. One of these, a woman, was at the time sitting at a second-story window and saw the child on the street, saw the car coming and tried to attract the attention of the motorman and of a woman on the street by calling. It did not appear how near the car was to the child, and there was nothing in her testimony that showed negligence in the management of the car. The other witness was a salesman who was waiting on customers in the second story of a furniture store. He testified that he saw the child between the rails of the west track sixty feet north of the store. At that time no car was in sight, and he could see south, the direction from which the car came, 150 feet. About half a minute later he saw a car on the east track passing the store. There was not the slightest proof of what the child did after the time he was seen on the west track before the car came into sight. The car stopped within its length after the child had been struck and before the rear wheels had reached him.

It was essential to the plaintiffs' case that there should be affirmative proof of some act of negligence by the motorman. In the absence of all proof upon the subject the presumption that he exercised due care will prevail. There was nothing in the circumstances shown that would warrant an inference of negligence, and a nonsuit was properly entered. In Woeckner v. Erie Electric Motor Co., 176 Pa. 451, relied on by the appellants, the motorman saw the child leave the curb twenty-five feet from the track on an unobstructed street and advance towards his car, and he had full knowledge of the danger in time to guard against it.

The judgment is affirmed.